[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The above-entitled action was tried to the Court, which hereby renders its verdict for the defendant, Stop Shop Supermarket Company ("Stop Shop"), as against the plaintiff, Joan Marasco ("Marasco").
This case involves a claim by Marasco that she was injured on December 24, 1996 at the Lake Avenue Extension Stop Shop in Danbury due to the store's negligence in permitting or failing to eliminate an unreasonably safe condition in its store where she was shopping. More specifically, Marasco alleges that while taking a dessert item from one of Stop 
Shop's freezers in the frozen food aisle, she slipped on some mayonnaise on the floor and fell down. As a consequence of this "slip and fall," she claims that she suffered physical injuries, lost time at work and an impairment of her ability to work in the future. Marasco claims that Stop Shop knew or should have known about the dangerous condition created by the presence of the mayonnaise and that Stop Shop's negligence in failing to prevent or eliminate the dangerous condition proximately caused the damages which she says she suffered.
The Court, after hearing the testimony of the witnesses and reviewing the exhibits admitted into evidence, finds that under the totality of the circumstances, Marasco did not prove by a preponderance of the evidence that Stop Shop failed to exercise reasonable care to maintain its frozen foods store aisle in a reasonably safe condition and did not prove by a preponderance of the evidence that Stop Shop had actual or constructive notice of the presence of the mayonnaise on its floor within a reasonable time of the accident to allow it to remedy the CT Page 5946 situation. Given the Court's finding that the plaintiff did not prove that Stop Shop is liable, it is unnecessary for the Court to decide the issue of Marasco's claimed damages.
Accordingly, judgment may enter in favor of Stop Shop.
White, J.